**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

FILED
FRONT COUNTER
2026 JUL -7 PM 1:36
CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

In re: | | **Case No. 26-10012-BFK TIFFANY LOCUS,** | **Chapter 13** | *Debtor.* |

**Honorable Brian F. Kenney**

**DEBTOR'S OBJECTION TO MOTION TO WITHDRAW AS COUNSEL**

COMES NOW the Debtor, Tiffany Locus, *pro se*, and respectfully submits this Objection to Conway Law Group, PC's Motion to Withdraw as Counsel [Docket No. 112]. In support thereof, Debtor states as follows:

1. **Severe and Prejudicial Timing:** Counsel of record seeks to abandon the Debtor in the absolute midst of an active housing emergency. On June 28, 2026, this Court entered an *In Rem* Stay Relief order, which clears the Condo Association to immediately pursue state foreclosure proceedings on Debtor's primary residence. Allowing counsel to withdraw at this precise moment leaves a working nurse and mother of two small children entirely unrepresented in the face of an imminent foreclosure auction.

2. **Cured Feasibility and Active Plan Modification:** The Court's prior rulings were based on an outdated financial record showing a lack of plan feasibility. Debtor has recently secured advanced employment income as a health analyst and nurse, and the property possesses **$166,865 in verified equity** ($397,000 market value minus the $230,135 first mortgage). Counsel of record previously agreed to file the necessary Amended Schedules I and J to reflect this income. Allowing counsel to withdraw before executing this ministerial math calculation fundamentally stalls the estate's path to a total financial reorganization.

3. **Refinance Strategy Viability:** With the verified equity cushion, Debtor is actively positioning the estate to execute a cash-out refinance to satisfy the Association's underlying judgment in full. Severing legal representation right now disrupts the necessary windows needed to present these refinancing coordinates to the Court.

**WHEREFORE**, Debtor respectfully requests that this Honorable Court:

1. **DENY** Counsel's Motion to Withdraw, or, in the alternative, **DEFER** the effective date of withdrawal for thirty (30) days to allow incoming substitute counsel to step in without disrupting the active Chapter 13 infrastructure; and

2. **ORDER** current counsel to immediately upload the promised Amended Schedules I and J to protect the estate prior to any formal termination of services.

Respectfully submitted,

Tiffany Locus

**Tiffany Locus**, *Debtor/Appellant pro se* Dated: July 7, 2026

7717 Lafayette Forest Dr #22, Annandale VA 22003

## CERTIFICATE OF SERVICE

I hereby certify that on this 7st day of July, 2026, a true and correct copy of the foregoing Notice of Appeal was served via the Court's CM/ECF electronic filing system or via first-class mail, postage prepaid, upon:

- **Martin C. Conway, Esq.**, Conway Law Group, PC, 1320 Central Park Blvd, #200, Fredericksburg, VA 22401 (Counsel to Debtor)
- **Brad M. Barna, Esq.**, Chadwick, Washington, Moriarty, Elmore & Bunn, P.C., 3201 Jermantown Road, Suite 600, Fairfax, Virginia 22030 (Counsel to Appellee)
- **Thomas P. Gorman, Chapter 13 Trustee**, 1414 Prince St., Suite 202, Alexandria, VA 22314
- **Office of the U.S. Trustee**, Matthew W. Cheney, 1725 Duke Street, Suite 650, Alexandria, VA 22314

**Respectfully submitted,**

______________________________

**Tiffany Locus** *Debtor/Appellant pro se* Dated: July 7, 2026

7717 Lafayette Forest Dr #22, Annandale VA 22003